IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HASSAN BIN ATTASH**, *et al.*, <br>     Petitioners, <br><br> v. <br><br> **GEORGE W. BUSH, President of the United States**, *et al.*, <br>     Respondents. | Civil Action No. 05-01592 (RCL) |

**MOTION AND MEMORANDUM IN SUPPORT OF MOTION
FOR WRIT OF HABEAS CORPUS OR ORDER TO SHOW CAUSE**

Petitioner, a prisoner of the United States held at Guantánamo Bay, respectfully moves for a writ of habeas corpus or an order to show cause why the writ should not issue, returnable by Respondents not later than September 9, 2005.

The Supreme Court has determined that Petitioner is entitled to challenge his incarceration via an application for the Great Writ. *Rasul v. Bush,* 124 S. Ct. 2686, 2699 (2004). On August 9, 2005, undersigned counsel filed a Petition for Writ of Habeas Corpus on behalf of Petitioner pursuant to 28 U.S.C. §§ 2241 and 2242, contending that Petitioner is being detained in violation of the Constitution, laws and treaties of the United States and in violation of international law. Pursuant to 28 U.S.C. § 2243, ¶ 1, a "court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Pursuant to 28 U.S.C. § 2243, ¶ 2, the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

At least seven other Judges of this Court have required Respondents to file a factual return in the habeas cases of similarly-situated Guantánamo prisoners. *See, e.g., Al-Mohammed v. Bush*, 05-CV-00247 (HHK) (D.D.C. Apr. 30, 2005) (attached as Ex. A); *Al-Hela v. Bush*, 05-CV-01048 (RMU) (D.D.C. June 9, 2005) (Ex. B); *Tumani v. Bush*, 05-CV-00526 (RMU) (D.D.C. Apr. 19, 2005) (Ex. C); *Al-Oshan v. Bush*, 05-CV-00520 (RMU) (D.D.C. Apr. 7, 2005) (Ex. D); *Kurnaz v. Bush*, 04-CV-01135 (ESH), 2005 WL 839542, at *1 (D.D.C. Apr. 12, 2005) (Ex. E); *Al-Adahi v. Bush*, 05-CV-00280 (GK), slip op. at 2 & n.1 (D.D.C. Apr 29, 2005) (Ex. F); *Al-Anazi v. Bush*, 05-CV-00345 (JDB), slip op. at 20 (D.D.C. Apr. 21, 2005) (Ex. G); *Al-Shamri v. Bush*, 05-CV-00551 (RWR), slip op. at 4 (D.D.C. May 10, 2005) (Ex. H); *El-Banna v. Bush*, 04-CV-01144 (RWR), slip op. at 7 (D.D.C. Apr. 8, 2005) (Ex. I); *Errachidi v. Bush*, No. 05-CV-00640 (EGS) (D.D.C. Apr. 21, 2005) (minute order) (same).

As part of their trial preparation, counsel for Petitioner anticipate visiting Guantánamo September 10. It would greatly help counsel to have the returns – and greatly prejudice counsel not to have the returns – by the time they leave for Guantánamo, so they can ask informed questions of Petitioner based on the information in the returns.

The returns for Petitioner, like the returns for the other Guantánamo prisoners, will consist of classified and unclassified versions of the administrative record of the Combatant Status Review Tribunal proceeding that confirmed his status as an "enemy combatant." Requiring Respondents to produce these records in the form of returns by September 9 should work no hardship on Respondents, who have done the same for scores of other petitioners in these habeas cases.

Counsel for Petitioner sought to avoid burdening the Court with this matter, proposing to Respondents a stipulation in which Respondents would agree to provide the factual returns by

September 7, and in return Petitioners would agree to a delimited stay of these proceedings. *See* Email from Marc D. Falkoff to Andrew Warden, August 9, 2005 (Ex. J).

Regrettably, Respondents rejected counsel's proposal, *see* Email from Andrew I. Warden to Marc D. Falkoff, August 10, 2005 (Ex. K), forcing Petitioners to burden the Court with a matter that should have been resolved consensually in view of prior orders by Judges of this Court who, having been assigned detainee cases since Judge Green entered her stay order on February 3, 2005, have ordered the Government to produce factual returns, even while entering orders otherwise staying those cases.[1]

Petitioner's counsel are duty-bound to prepare now for the eventuality of a habeas hearing. Ongoing trial preparation is necessary because memories fade, witnesses move, die, or change jobs, and documentary evidence disappears. Also, in light of counsel's anticipated visit to Guantánamo September 10, the returns should be provided promptly. As the Eight Circuit has explained, "The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time . . . ." *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978).

---

[1] *See, e.g., Kurnaz v. Bush*, 04-CV-01135 (ESH), 2005 WL 839542, at *1 (D.D.C. Apr. 12, 2005) (Ex. E) (stating that habeas counsel require access to the full factual returns now "to ensure that the proceedings can continue in an orderly fashion in the event that the detainees prevail on appeal"); *Al-Adahi v. Bush*, 05-CV-00280 (GK), slip op. at 2 & n.1 (D.D.C. Apr 29, 2005) (Ex. F) (ordering production of factual returns so petitioners' counsel "can begin preparing their defense well in advance of any ruling by the Court of Appeals"); *Al-Anazi v. Bush*, 05-CV-00345 (JDB), slip op. at 20 (D.D.C. Apr. 21, 2005) (Ex. G) (staying proceedings but ordering Government to produce factual returns, noting that "the factual returns appear necessary for petitioners' counsel effectively to represent petitioners," and that "even initial conversations by counsel with their clients may be very difficult without access to that basic factual information"); *see also Al-Shamri v. Bush*, 05-CV-00551 (RWR), slip op. at 4 (D.D.C. May 10, 2005) (Ex. H) (staying proceedings but ordering the Government to produce factual returns); *El-Banna v. Bush*, 04-CV-01144 (RWR), slip op. at 7 (D.D.C. Apr. 8, 2005) (Ex. I) (same); *Errachidi v. Bush*, No. 05-CV-00640 (EGS) (D.D.C. Apr. 21, 2005) (minute order) (same).

WHEREFORE, Petitioners respectfully request that the writ or an order to show cause be issued forthwith, returnable by Respondents not later than September 9, 2005.

Dated: Washington, D.C.
August 12, 2005

Respectfully submitted,

COVINGTON & BURLING

By: _____/s/_____
David H. Remes
D.C. Bar No. 370782
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004-2401
Tel: (202) 662-5212
Fax: (202) 778-5212

Marc D. Falkoff
D.C. Bar No. 491149
1330 Avenue of the Americas
New York, NY  10019
Tel: (212) 841-1166
Fax: (646) 441-9166

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing motion to be served this 12th day of August 2005, by prepaid priority mail on:

The Honorable Alberto R. Gonzales
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530;

The Honorable Donald Rumsfeld,
Secretary, United States
Department of Defense
1000 Defense Pentagon
Washington, D.C. 20301-1000;

Army Brigadier General Jay Hood
Commander, Joint Task Force–GTMO
JTF-GTMO
APO AE 09360; and

Army Col. Brice Gyurisko,
Commander, Joint Detention Operations Group – JTF-GTMO
JTF-GTMO
APO AE 09360

_____/s/_____
David H. Remes
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401