# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHMOOD AL-MOHAMMED, et al.,<br><br>Petitioners,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br><br>Respondents. | Civil Action 05-00247 (HHK) |

**MEMORANDUM ORDER**

Before the court is respondents' "motion to stay proceedings pending related appeals and for continued coordination" [#7]. This case is one of at least 50 petitions for writ of habeas corpus filed by detainees who are in respondents' custody at the United States Naval Base at Guantánamo Bay, Cuba ("Guantánamo"). On January 19, 2005, Judge Richard Leon issued an opinion granting respondents' motion to dismiss as to two habeas petitions. *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). On January 31, 2005, Judge Green issued an opinion in eleven other coordinated cases, granting in part and denying in part respondents' motion to dismiss. Judge Green held that the petitioner-detainees "have the fundamental right to due process of law under the Fifth Amendment," *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d at 463, and that the review proceedings as implemented by the United States military had failed to protect those due process rights. *Id.* at 468. Subsequently, Judge Green issued an order certifying her ruling for interlocutory appeal and staying the proceedings in the eleven coordinated cases pending resolution by the D.C. Circuit of the parties' cross-appeals as well as petitioners' appeal

of Judge Leon's decision in *Khalid*. Respondents correctly point out that a stay is also appropriate for habeas cases filed after Judge Green's ruling, such as this one, since decisions on the appeals "will determine the legal analyses applicable to the cases and, indeed, whether and how these cases should proceed." Resp'ts' Mot. to Stay at 8.

Respondents assure the court that "in seeking a stay . . . respondents do not intend thereby to block counsel access to properly represented petitioners. To that end, respondents do not object to entry in these cases of the protective order previously entered in other Guantánamo detainee cases, along with appropriate supplementary orders, to permit such access." *Id*. at 1. Respondents do, however, raise two objections to releasing factual returns for petitioners. First, Respondents claim that "access to factual returns during the appeals is not necessary," *id*. at 11. Second, they contend that "submission of factual returns would impose significant burdens and potential risks on the government." Resp'ts' Mot. to Stay at 11.

Respondents' position with respect to the release of factual returns must be rejected. With respect to the necessity for the returns, petitioners' counsel must have access to them in order to develop a meaningful understanding of the "basic factual allegations that underlie Mr. Al-Mohammed's detention," Pet'rs' Opp'n at 8, and prepare for consultation with their clients. As for Respondents' contention that the submission of the factual returns "would impose significant burdens and potential risks on the government," the entry of the protective order should allay Respondents' fears of inadvertent disclosure of classified or otherwise protected information. Meanwhile, Respondents' assertion that they "face an immense logistical burden to process and file the returns," *id*., is entirely unconvincing in light of the government's demonstrated capabilities in managing the numerous factual returns that it has already submitted

2

for other petitioner-detainees. *See In re Guantanamo Detainee Cases*, 355 F. Supp. 2d at 451-52. Accordingly, it is this 30th day of April, 2005, hereby

**ORDERED**, that respondents' motion to stay is **GRANTED**, except that petitioners may seek emergency relief from this court in appropriate circumstances; and it is further

**ORDERED**, that the court enters by way of reference the protective orders Judge Green issued on November 8, 2004, and December 13, 2004, as well as the order Judge Green issued on November 10, 2004 addressing designation procedures for "protected" information, except that the November 2004 deadlines indicated in the latter order are inapplicable; and it is further

**ORDERED**, that respondents shall file factual returns regarding petitioner-detainee within 45 days of the issuance of this order.

Henry H. Kennedy, Jr.
United States District Judge

3

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDULSALAM ALI ABDULRAHMAN
AL-HELA *et al.*,           :
                            :
      Petitioners/  :
      Plaintiffs,   :
                            :
v.                          :   Civil Action No.:   05-1048 (RMU)
                            :
GEORGE W. BUSH *et al.*,    :   Document No.:      3
                            :
      Respondents/  :
      Defendants    :

**MEMORANDUM ORDER**

GRANTING MOTION FOR SHOW CAUSE ORDER;

This matter comes before the court on the petitioners' motion for a writ of habeas corpus or an order to show cause why the writ should not issue. If the court orders the respondent to show cause in response to a habeas petition, "[t]he person to whom the . . . order is directed *shall* make a return certifying the true cause of the detention." 28 U.S.C. § 2243 (emphasis added).

The government takes the position that

> [i]t makes no sense for proceedings related to the merits of these cases, such as the submission of factual returns in response to orders to show cause regarding the issuance of habeas writs, to go forward when decision from the D.C. Circuit on the related Guantanamo detainee appeals, which are proceeding in an expedited fashion, will determine the legal analyses applicable to the cases and, indeed, whether and how these cases should proceed.

Defs.' Mot. to Stay at 9. Furthermore, the government argues that requiring submission of factual returns "burdens the government's resources and risks the inadvertent disclosure of classified information." *Id.* at 11.

1

The fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients. As to the government's concerns regarding classified information, the protective order entered in this case will guard against any such inadvertent disclosures. Finally, the government's generic references to the expenditure of its resources and a "logistical burden," *id.* at 13, does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

Accordingly, it is this 9th day of June, 2005,

**ORDERED** that the petitioner's motion for a show cause order is **GRANTED**; and it is

**FURTHER ORDERED** that the respondents shall file unclassified factual returns on or before June 15, 2005; and it is

**FURTHER ORDERED** that the respondents shall file classified factual returns as soon as possible, but no later than July 15, 2005.

**SO ORDERED.**

RICARDO M. URBINA  
United States District Judge

# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MUHAMMED KAHN TUMANI, :
*et al.*, :
:
:
Petitioners/ :
Plaintiffs, :   Civil Action No.:   05-0526 (RMU)
:
v. :
:
GEORGE W. BUSH *et al.*, :
:
Respondents/ :
Defendants :

**ORDER**

DIRECTING THE DEFENDANTS TO SHOW CAUSE AND SUBMIT FACTUAL RETURNS

Before the court is the plaintiffs' petition for a writ of habeas corpus. "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. In addition, "[t]he person to whom the . . . order is directed *shall* make a return certifying the true cause of the detention." *Id.* (emphasis added).

The government takes the position that "[i]t makes no sense for proceedings related to the merits of these cases, such as submission of factual returns in response to orders to show cause regarding the issuance of habeas writs, to go forward when decisions from the D.C. Circuit . . . will determine the legal analyses applicable to the cases[.]" Defs.' Mot. to Stay at 9. Furthermore, the government argues that requiring submission of factual returns burdens the

government's resources and risks the inadvertent disclosure of classified information. *Id.* at 12-13.

The fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients. As to the government's concerns regarding classified information, the protective orders entered in this case will guard against any inadvertent disclosures. Finally, the government's generic references to the expenditures of its resources and logistical burden does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

Accordingly, it is this 19th day of April, 2005,

**ORDERED** that the defendants shall show cause why the writ should not be granted and submit factual returns within 90 days of this order.

**SO ORDERED.**

RICARDO M. URBINA
United States District Judge