# Exhibit D

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SALEH ABDULLA AL-OSHAN *et al.*, | : | | |
| | : | | |
| Petitioners/ | : | | |
| Plaintiffs, | : | | |
| | : | | |
| v. | : | Civil Action No.: | 05-0520 (RMU) |
| | : | | |
| GEORGE W. BUSH *et al.*, | : | Document No.: | 15 |
| | : | | |
| Respondents/ | : | | |
| Defendants | : | | |

### MEMORANDUM ORDER

#### GRANTING MOTION TO COMPEL;
#### ORDERING THE RESPONDENTS TO FILE FACTUAL RETURNS

This matter comes before the court on the petitioners' motion to compel. The petitioners request that the court order the government to produce factual returns justifying the ongoing detention of the petitioners at the United States Naval Station at Guantanamo Bay, Cuba ("GTMO"). If, as in this case, the court orders the respondent to show cause in response to a habeas petition, "[t]he person to whom the . . . order is directed *shall* make a return certifying the true cause of the detention." 28 U.S.C. § 2243 (emphasis added).[1]

---

[1] The court issued a show cause order on March 22, 2005. Order (Mar. 22, 2005). The government purports to answer that show cause order in its motion to stay. Defs.' Mot. to Stay at 9 n.5 (noting that, "[b]y the filing of this motion . . . respondents have complied with [the show cause order]") (citing Habeas Rule 4). Because the court would rather focus its attention on the merits of these cases than disciplining the government's lawyers and explaining the obvious – for example, that a footnote in a motion to stay does not show "cause" in response to a show cause order – the court simply notes at this juncture that the Habeas Rule the government (mis)quotes, *id.* (quoting the Rule as requiring the respondents to submit "an answer or other pleading"), when read in context, ultimately requires the government to respond to what the court orders; the rule does not give the government discretion to proceed as it has thus far. Habeas Rule 4 (providing that "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order").

The government takes the position that

> [i]t makes no sense for proceedings related to the merits of these cases, such as the submission of factual returns in response to orders to show cause regarding the issuance of habeas writs, to go forward when decision from the D.C. Circuit on the related Guantanamo detainee appeals, which are proceeding in an expedited fashion, will determine the legal analyses applicable to the cases and, indeed, whether and how these cases should proceed.

Defs.' Mot. to Stay at 9. Furthermore, the government argues that requiring submission of factual returns "burdens the government's resources and risks the inadvertent disclosure of classified information." *Id.* at 11.

The fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients. As to the government's concerns regarding classified information, the protective order entered in this case will guard against any such inadvertent disclosures. Finally, the government's generic references to the expenditure of its resources and a "logistical burden," *id.* at 13, does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

Accordingly, it is this 7th day of April, 2005,

**ORDERED** that the petitioner's motion to compel is **GRANTED**; and it is

**FURTHER ORDERED** that the respondents shall file factual returns regarding the petitioners within 45 days of this order.

**SO ORDERED.**

RICARDO M. URBINA
United States District Judge

2

# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURAT KURNAZ, et al. | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Civil No. 04-1135 (ESH) |
| | ) |
| GEORGE W. BUSH, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |
| JAMEL AMEZIANE, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil No. 05-0392 (ESH) |
| v. | ) |
| | ) |
| GEORGE W. BUSH, et al., | ) |
| | ) |
| Respondents | ) |

## ORDER

Petitioners in the above-captioned cases have each requested a preliminary injunction ordering respondents to provide advance notice of petitioners' transfer from the United States Naval Base at Guantanamo Bay, Cuba, where they are currently detained. Murat Kurnaz, a twenty-two year old Turkish citizen who was born and raised in Germany, has been detained in Guantanamo Bay for more than three years. He requests thirty-days notice to counsel of any proposed transfer. Jamel Ameziane is a citizen of Algeria and has been detained for more than two years. Mr. Ameziane is as yet unaware of his representation by counsel. His counsel

-1-

requests that petitioner not be transferred from Guantanamo until counsel has had an opportunity

to meet with him to ascertain his interests.

    Kurnaz's case was initially consolidated before Judge Joyce Hens Green and has been

stayed pending appeal to the United States Court of Appeals for the District of Columbia. *See*

Order Granting in Part and Denying in Part Resp'ts' Mot. for Certification of Jan. 31, 2005

Orders and For a Stay, *In re Guantanamo Detainee Cases*, No. 02-0299, *et al.* (D.D.C. Feb. 3,

2005).[1] Since Ameziane's Petition for Writ of Habeas Corpus was filed subsequent to Judge

Green's decision, it is not subject to the stay or protective orders entered by her. This Court

ordered respondents to show cause by April 1, 2005 why Ameziane's writ should not be granted.

(Show Cause Order, Mar. 10, 2005.) Respondents have, however, moved for a stay, which

Ameziane opposes. Ameziane has also moved for entry of a protective order. The parties

presented oral argument on each of these motions on April 8, 2005.

    As neither Ameziane nor respondents oppose entry of protective orders identical to those

entered by Judge Green, the Court does so by order below. The Court also concludes that

respondents' Motion to Stay should be granted. However, to ensure that the proceedings can

continue in an orderly fashion in the event that the detainees prevail on appeal, respondents are

ordered to provide factual returns to Ameziane's counsel within ninety days of the date of this

Order. Finally, upon consideration of the arguments of the parties, in view of the orders issued

---

[1] The stay entered by Judge Green does not bar the Court's consideration of Kurnaz's motion for injunctive relief. As noted by Judge Collyer, the stay was intended to save time, money, and judicial resources, but "could not be read to also deprive Petitioners of their rights to seek emergency assistance when faced with continued detention at the request of the United States but no venue in which to challenge its legality." *Abdah v. Bush*, 2005 WL 711814, at *4 (D.D.C. Mar. 12, 2005).

by four other judges on this Court granting substantially identical relief as is requested in this

case, *see Al-Marri v. Bush*, No. 04-2035 (D.D.C. Apr. 4, 2005); *Al-Joudi v. Bush*, No. 05-0301

(D.D.C. Apr. 4, 2005); *Al-Oshan v. Bush*, No. 05-0520 (D.D.C. Mar. 31, 2005); *Al-Shiry v. Bush*,

No. 04-0490 (D.D.C. Apr. 1, 2005); *Abdah v. Bush*, 2005 WL 711814 (D.D.C. Mar. 29, 2005),

and for the reasons stated below, the Court concludes that petitioners must be given notice of a

potential transfer in a limited type of circumstance. In particular, if respondents have not reached

a diplomatic understanding with the transferee country that a petitioner's transfer from

Guantanamo is for release only, respondents must provide that petitioner's counsel with thirty

days advance notice of the proposed transfer.

   In *Rasul v. Bush*, 124 S. Ct. 2686 (2004), the Supreme Court held that federal courts have

jurisdiction to determine the legality of the ongoing detention of petitioners held in Guantanamo

Bay. *Id.* at 2698. *See also In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443, 464 & 479

(D.D.C. 2004) (Guantanamo detainees possess rights under the Due Process Clause and Geneva

Convention); *Hamdan v. Rumsfeld*, 344 F. Supp. 2d 152, 165 (D.D.C. 2004) (Guantanamo

detainees possess rights under Geneva Convention). Accordingly, the Court must also have

authority to preserve this jurisdiction if it can be shown that respondents are acting to circumvent

it. *See* All Writs Act, 28 U.S.C. § 1651(a); *Al-Marri*, No. 04-2035, slip. op. at 10 n.11 (quoting

*SEC v. Vision Communications, Inc.*, 74 F.3d 287, 291 (D.C. Cir. 1996)) (All Writs Act

"empowers a district court to issue injunctions to protect its jurisdiction"); *Abu Ali v. Ashcroft*,

350 F. Supp. 2d 28, 54 (D.D.C. 2004) (federal courts "may and should take such action as will

defeat attempts to wrongfully deprive parties" of their right to sue in federal court) (internal

citation omitted); *Lindstrom v. Graber*, 203 F.3d 470, 474-76 (7th Cir. 2000) (All Writs Act

-3-

permits court to stay extradition pending appeal of habeas corpus petition); *Michael v. INS*, 48

F.3d 657, 664 (2d Cir. 1995) (All Writs Act permits federal Court of Appeals to stay a

deportation order pending review of its legality). *Cf.* Fed. R. App. P. 23(a); *Jago v. U.S. Dist.*

*Court*, 570 F.2d 618, 623 (6th Cir. 1978) (Rule 23(a) preserves district judge's authority to issue

order regarding custody of prisoner pending review of habeas petition).

     Respondents state that some petitioners may be transferred to custody of a foreign

government

> for investigation and possible prosecution and continued detention when those
> governments are willing to accept responsibility for ensuring, consistent with their
> laws, that the detainees will not continue to pose a threat to the United States and
> its allies. Such governments can include the government of a detainee's home
> country, or a country other than the detainee's home country that may have law
> enforcement or prosecution interest in the detainee.

(Waxman Decl. ¶ 3.) According to respondents, once such a transfer is effected, the Court would

lose its jurisdiction. While the Court has no occasion to decide at this time whether this or any

other type of transfer could be subject to an injunction, several examples offered by petitioners

raise sufficiently serious concerns to justify the limited remedy of advance notice. For instance, a

petitioner could be transferred to the custody of a different United States custodian in a foreign

country, such as the United States military base in Afghanistan. (*See* Kurnaz Reply at 14.)

Alternatively, he could be transferred to the custody of a foreign government, but held under the

direction and control of the United States government. *See Abu Ali*, 350 F. Supp. 2d at 69. Or,

he could be transferred to the custody of a country where he has never had occasion to violate

that country's laws, again raising a possible question as to the governmental claim of an

"independent law enforcement" interest. In such narrowly circumscribed circumstances, closer

-4-

scrutiny of the transfer might well be appropriate in order to preserve the petitioner's right to obtain review of the legality of his detention.

For these reasons, it is hereby

**ORDERED** that respondents' Motion to Stay is **GRANTED** and *Ameziane v. Bush*, No. 05-0392, is **STAYED** pending resolution of all appeals in *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005), and *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). This stay shall not, however, prevent the parties from availing themselves of the procedures set forth in the Protective Order entered below, nor shall it bar the filing or disposition of any motion for emergency relief.

It is further **ORDERED** that respondents shall provide a factual return to the Court and to counsel for Ameziane within ninety (90) days of the date of this Order; and it is further

**ORDERED** that the Court **ENTERS** by way of reference the protective order and supplementary orders previously entered in *In re Guantanamo Bay Detainee Cases*, Civil No. 02-0299, *et al.*, by Judge Joyce Hens Green. These include the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004; the Order Addressing Designation Procedures for "Protected Information," entered on November 10, 2004; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, issued on December 13, 2004.

It is further **ORDERED** that, where respondents do not have an understanding with the receiving country that a transfer from Guantanamo Bay, Cuba is for purposes of release only, respondents shall provide petitioner's counsel with thirty (30) days advance notice of the transfer,

-5-

including the proposed destination and conditions of transfer.

      **ORDERED** that petitioners' motions for preliminary injunctions are **DENIED AS**

**MOOT**.


_____s/_____
ELLEN SEGAL HUVELLE
United States District Judge


Date: April 12, 2005

-6-

# Exhibit F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MUHAMMAD AL-ADAHI, et al.,          :
                                    :
          Petitioners,              :
                                    :
          v.                        :    Civil Action No. 05-280 (GK)
                                    :
GEORGE W. BUSH, et al.,             :
                                    :
          Respondents.              :
_____    :
MAJID ABDULLA AL JOUDI,             :
et al.,                             :
                                    :
          Petitioners,              :
                                    :
          v.                        :    Civil Action No. 05-301 (GK)
                                    :
GEORGE W. BUSH, et al.,             :
                                    :
          Respondents.              :

ORDER

Petitioners in the above-captioned cases have each requested immediate issuance of a writ of habeas corpus under 28 U.S.C. § 2243 and/or for sanctions based on Respondents' failure to comply with a direct order of this Court. All Petitioners are currently detained at the U.S. Naval Base at Guantanamo Bay, Cuba.

On March 7, 2005, in Civil Action No. 05-280 and in Civil Action No. 05-301, the Court ordered the Government, by March 28, 2005, to show cause why a writ should not be granted. The Government did not comply and instead filed a Motion to Stay

Proceedings. Petitioners in both cases have filed Oppositions to the Motions to Stay, and Respondents have filed Replies.

Upon consideration of the Motions, Oppositions, and Replies, the Court concludes that Respondents' Motions to Stay should be **granted**.

To ensure that these proceedings continue in a prompt and orderly fashion after the Court of Appeals rules in <u>In re Guantanamo Detainees Cases</u>, 355 F. Supp.2d 443 (D.D.C. 2005) and <u>Khalid v. Bush</u>, 355 F. Supp.2d 311 (D.D.C. 2005), it is hereby

**ORDERED** that Respondents shall, by August 1, 2005, or earlier, provide factual returns to Petitioners' counsel supporting the detention of their clients.[1] If necessary and appropriate, such factual returns may be filed under seal; and it is further

**ORDERED** that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004; the Order Addressing Designation Procedures for "Protected Information" entered on November 10, 2004; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended

---

[1]    Appellate briefing will be completed by the end of June. No date has been set for oral argument. Thus, it is highly unlikely that the Court of Appeals will have ruled by August 1, 2005. By giving the Government three months to file its factual returns, it will have ample time to complete the administrative tasks involved. More importantly, Petitioners will not be prejudiced by imposition of the Stay. Their counsel can begin preparing their defense well in advance of any ruling by the Court of Appeals and the delay they fear can be minimized.

Protective Order, issued on December 13, 2004, in In re Guantanamo
Bay Detainee Cases, Civil No. 02-0299, et al., by Judge Joyce Hens
Green shall apply in this case; and it is further

    **ORDERED** that Respondents' Motions to Stay are **granted** pending
resolution of all appeals in In Re Guantanamo Detainees Cases, 355
F. Supp.2d 443 (D.D.C. 2005) and Khalid v. Bush, 355 F. Supp.2d 311
(D.D.C. 2005). This stay shall not prevent the parties from filing
any motion for emergency relief.

April 29, 2005

                                     /s/ _____
                                     Gladys Kessler
                                     United States District Judge

**Copies via ECF to all counsel
of record**

-3-