IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HASSAN BIN ATTASH, *et al.*,<br>Petitioners,<br><br>*v.*<br><br>GEORGE W. BUSH, *et al.*,<br>Respondents. | )<br>)<br>)<br>)<br>)    Civil Action No. 05-1592 (RCL)<br>)<br>)<br>)<br>)<br>) |

**PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO
RECONSIDER AND VACATE PORTIONS OF SEPTEMBER 1, 2005 ORDER**

The relief that Petitioner seeks here is relief that most of the other judges of this Court have granted. Petitioner's request for his factual return is no less meritorious than the requests that these other judges have granted. And because Respondents have already once rendered Petitioner to a third country where he was tortured, Petitioner's request for notice of any intent to remove him from Guantánamo to another country is even more compelling.

1. Respondents' contention that reconsideration is inappropriate lacks merit. A district court has "broad discretion" to grant or deny motions for reconsideration at any time before final judgment. *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004). The court may reconsider its decision "as justice requires," which "amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). "[E]ven if the appropriate legal standard does not indicate that reconsideration is warranted, the Court may nevertheless elect to grant a motion for reconsideration if there are other good reasons for doing so." *Id.* at 540.

There are sound reasons to grant reconsideration here. As Petitioner has explained, when he briefed the relevant issues, this case was assigned to Judge Kennedy – not by any machina-

tions of Petitioner (*see* Recon. Opp. 1-2), but by the regular procedures of the Clerk's office. Petitioner designated *Abdah* as related because the issues are similar and most of counsel's other Guantánamo clients are in that case.  Petitioner's memorandum in support of his motion sought to avoid burdening Judge Kennedy with arguments he had already accepted.  This Court has not previously considered such arguments.  Petitioner should be allowed to present them.

2.  Respondents do not dispute counsel's need for Petitioner's return while the appeals from the rulings on Respondents' motions to dismiss are pending.  Instead, Respondents hint that counsel was able to satisfy that need by visiting Petitioner at Guantánamo.  Recon. Opp. 3.  But counsel need to know *Respondents*' statement of the accusations against Petitioner, not Petitioner's recollection or understanding of those accusations.  Moreover, counsel needs to know the evidence on which Respondents rest their accusations, which Respondents have not shared with Petitioner.  Respondents are also mistaken to suppose that the way for counsel to begin a relationship with a Guantánamo detainee is to interrogate him.

3.  Respondents argue that Petitioner has not substantiated his fear of rendition.  But Petitioner need not substantiate a fear that he, specifically, may be rendered, because rendition is a reasonable fear for *every* Guantánamo prisoner.  *See* Recon. Mot. 12.  Moreover, Petitioner *has* substantiated a specific fear:  Respondents have already once rendered him.  Recon. Mot. 3.  Respondents may insist that the earlier rendition is irrelevant, Recon. Opp. 5, but the smart money bets that a dog, having bitten once, will bite again.

Respondents' suggest that counsel could have learned from Petitioner whether he faces with rendition. Recon. Opp. 5 n.3.  This argument fails because Respondents cannot be counted on to provide their captives with advance notice of their intentions and because, as noted, counsel's meeting with Petitioner was not an occasion for interrogation.

Respondents altogether ignore the irreparable and concrete injuries that threaten Petitioner if advance notice is denied. *See* Recon. Mot. 10-11. The threat of those injuries tips the balance of hardships decidedly in Petitioner's favor. Having presented issues that are a fair ground for litigation, Petitioner is therefore entitled to advance notice. *See id.*; *WMATC v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir.1977).

Finally, Respondents argue that Fed. R. App. P. 23(a) is irrelevant because no appeals in this case are pending. Recon. Opp. 7. But the issues here are the same as those in the pending appeals from Judge Green's and Judge Leon's rulings and the rulings ordering advance notice. Respondents themselves rely on the pendency of those appeals when it suits them. They cannot eat their cake and have it too.

## CONCLUSION

For the foregoing reasons, the motion should be granted.

Dated: Washington, D.C.
October 7, 2005

Respectfully submitted,

COVINGTON & BURLING

By:  *David H. Remes*

David H. Remes
D.C. Bar No. 370782
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401
Tel:  (202) 662-5212
Fax: (202) 778-5212

Marc D. Falkoff
D.C. Bar No. 491149
1330 Avenue of the Americas
New York, NY 10019
Tel:  (212) 841-1166
Fax: (646) 441-9166