UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDULLAH THANI FARIS AL-ANAZI**, *et al.*, )<br>)<br>Petitioners, )<br>)<br>)<br>v. )<br>)<br>)<br>**GEORGE W. BUSH**, *et al.*, )<br>)<br>Respondents. )<br>_____) | Civ. No. 05-CV-345<br>(JDB)(AK) |
| **FAWZI AL ODAH**, *et al.*, )<br>)<br>Petitioners, )<br>)<br>)<br>v. )<br>)<br>)<br>**GEORGE W. BUSH**, *et al.*, )<br>)<br>Respondents. )<br>_____) | Civ. No. 02-CV-828<br>(CKK)(AK) |
| **SUHAIL ABDU ANAM**, *et al.*, )<br>)<br>Petitioners, )<br>)<br>)<br>v. )<br>)<br>)<br>**GEORGE W. BUSH**, *et al.*, )<br>)<br>Respondents. )<br>_____) | Civ. No. 04-CV-1194<br>(HHK)(AK) |

| | |
|---|---|
| **ABDUL HADI OMER HAMOUD FARAJ,**   )<br>                                            )<br>     Petitioner,                         )<br>                                            )<br>                                            )<br>     v.                                  )<br>                                            )<br>                                            )<br>**GEORGE W. BUSH,** *et al.*,               )<br>                                            )<br>     Respondents.                          )<br>_____ ) | **Civ. No. 05-CV-1490**<br>        **(PLF)(AK)** |
| **MAHMOOD SALIM AL-MOHAMMED,** *et al.*,   )<br>                                            )<br>     Petitioners,                        )<br>                                            )<br>                                            )<br>     v.                                  )<br>                                            )<br>                                            )<br>**GEORGE W. BUSH,** *et al.*,               )<br>                                            )<br>     Respondents.                          )<br>_____ ) | **Civ. No. 05-CV-247**<br>        **(HHK)(AK)** |
| **MOHAMMED,** *et al.*,                    )<br>                                            )<br>     Petitioners,                        )<br>                                            )<br>                                            )<br>     v.                                  )<br>                                            )<br>                                            )<br>**GEORGE W. BUSH,** *et al.*,               )<br>                                            )<br>     Respondents.                          )<br>_____ ) | **Civ. No. 05-CV-2087**<br>        **(RMC)(AK)** |

| | | |
|---|---|---|
| **NABIL,** *et al.*, | ) | |
| | ) | |
|     Petitioners, | ) | |
| | ) | |
| | ) | |
| v. | ) | **Civ. No. 05-CV-1504** |
| | ) | **(RMC)(AK)** |
| | ) | |
| **GEORGE W. BUSH,** *et al.*, | ) | |
| | ) | |
|     Respondents. | ) | |
| | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| **SAIB,** *et al.*, | ) | |
| | ) | |
|     Petitioners, | ) | |
| | ) | |
| | ) | |
| v. | ) | **Civ. No. 05-CV-1353** |
| | ) | **(RMC)(AK)** |
| | ) | |
| **GEORGE W. BUSH,** *et al.*, | ) | |
| | ) | |
|     Respondents. | ) | |
| | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| **HASSAN BIN ATTASH,** *et al.*, | ) | |
| | ) | |
|     Petitioners, | ) | |
| | ) | |
| | ) | |
| v. | ) | **Civ. No. 05-CV-1592** |
| | ) | **(RCL)(AK)** |
| | ) | |
| **GEORGE W. BUSH,** *et al.*, | ) | |
| | ) | |
|     Respondents. | ) | |
| | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| **ABDANNOUR SAMEUR**, *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| | ) | |
| v. | ) | **Civ. No. 05-CV-1806** |
| | ) | **(CKK)(AK)** |
| | ) | |
| **GEORGE W. BUSH**, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |


| | | |
|---|---|---|
| **MAHMOUD ABDAH**, *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| | ) | |
| v. | ) | **Civ. No. 04-CV-1254** |
| | ) | **(HHK)(AK)** |
| | ) | |
| **GEORGE W. BUSH**, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |


| | | |
|---|---|---|
| **ABDULSALAM ALI ABDULRAHMAN AL-HELA**, *et al.*, | ) | |
| Petitioners, | ) | |
| | ) | |
| | ) | |
| v. | ) | **Civ. No. 05-CV-1048** |
| | ) | **(RMU)(AK)** |
| | ) | |
| **GEORGE W. BUSH**, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

| | |
|---|---|
| **SAEED MOHAMMED SALEH HATIM**, *et al.*, )<br>)<br>Petitioners, )<br>)<br>)<br>v. )<br>)<br>)<br>**GEORGE W. BUSH**, *et al.*, )<br>)<br>Respondents. )<br>_____ ) | Civ. No. 05-CV-1429<br>(RMU)(AK) |

## ORDER ADDRESSING PRIVILEGE REVIEW TEAM'S RESPONSIBILITIES UNDER THE PROTECTIVE ORDER

Pending before the Court is Petitioners' Motion to Compel Privilege Team Compliance with the Amended Protective Order ("Pet'r Mot.").[1] Because Petitioners' Motion potentially implicated privileged attorney-client material, this Court appointed the Special Litigation Team to represent the Privilege Review Team (PRT) in responding to the motion. *See* Order Assigning Special Litigation Team, March 2, 2006. The Special Litigation Team, on behalf of the PRT, filed its response on March 13, 2006 ("PRT Resp."). Respondents also filed an Opposition, ("Resp't Opp'n"), and Petitioners filed their Reply on April 20, 2006.

In their Motion to Compel, Petitioners raise two issues: 1) Whether the PRT may refuse to perform a classification review of documents or information submitted to it by *habeas* counsel

---

[1] On November 2, 2005, in recognition of "the need to promote orderly and efficient case management of all *habeas* petitions . . . relating to the rights of [Guantanamo] detainees," Judge Kessler, acting as Chair of the Calendar and Case Management Committee referred all motions "pertaining to interpretation or construction of any protective order" entered in any of the Guantanamo *habeas* cases to the undersigned for resolution pursuant to LCvR 72.2(a). A party may seek reconsideration of a ruling by a magistrate judge within 10 days after being served with the magistrate judge's order. LCvR 72.2(b). Rulings issued by a magistrate judge pursuant to LCvR 72.2 are reviewed by the district court judge on a "clearly erroneous" or "contrary to law" standard. LCvR 72.2(c).

pursuant to the Protective Order, and 2) whether the PRT has the authority to presumptively designate information as "Protected." The first issue presents a genuine dispute over the interpretation of the role of the PRT under the Amended Protective Order and Procedures for Counsel Access (the "Protective Order"). The second issue is largely moot, as the PRT concedes that it lacks the authority to designate information as "protected"; under the Protective Order, such authority is explicitly reserved for the Court. However, the PRT also urges the Court to address what it views as a gap in the Protective Order's coverage of information that is "unclassified" but which may be sufficiently sensitive to warrant the designation of "protected" information.

I.      *Privilege Review Team's Obligation to Conduct a Classification Review*

In light of the unique security concerns attendant to the Guantanamo *habeas* cases, the Protective Order[2] establishes procedures for the protection, handling and control of classified and sensitive information. In order to balance the integrity of the attorney-client relationship with the Government's need to protect classified information from inappropriate disclosure, the Protective Order sets forth detailed procedures for determining whether information resulting from

---

[2] The Amended Protective Order and Procedures for Counsel Access at the United States Naval Based in Guantanamo Bay, Cuba and the Revised Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba ("Revised Access Procedures") were initially entered by Judge Joyce Hens Green in November 2004 in *In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. 2004), and have since been entered in the vast majority of Guantanamo *habeas* cases currently pending in the District Court. The Revised Access Procedures are attached as Exhibit A to the Amended Protective Order. Additionally, the following orders supplement and amend the original Amended Protective Order: 1) November 10, 2004 Order Addressing Designation Procedures for "Protected Information"; 2) December 13, 2004 Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order. Collectively, these orders comprise the "Protective Order" in force in the majority of Guantanamo *habeas* cases.

communications between *habeas* counsel and their detainee clients is classified, and for protecting that information accordingly. Thus, the Protective Order requires *habeas* counsel to treat any information learned from a detainee as presumptively classified until the PRT reviews the information to determine whether it contains any classified information. *See* Revised Access Procedures, § IX.B. The PRT, for its part, is prohibited from disclosing any information to Respondents unless the information "could be expected to result in immediate and substantial harm to the national security" or "relates to imminent acts of violence." *See id.*, § VII.D.-E.

The obligation to treat all attorney-detainee communications as presumptively classified means that any information learned from a detainee, including counsel's interview notes, letters from detainees, etc., must be sent directly to the Secure Facility in Crystal City, Virginia. Once the documents arrive at the Secure Facility, *habeas* counsel may submit the documents to the PRT for a review of whether the documents contain any classified information.[3] Until the PRT conducts a classification review of the documents, *habeas* counsel may only view the documents in the Secure Facility and may not disclose the contents of the documents to anyone outside the Privilege Team. *See id.*, § VII.A.

The Protective Order requires the PRT to conduct a classification review of any documents submitted to it:

1. within seven business days for information written in English;
2. within fourteen days for any documents that contain information written in a language other than English, and

---

[3]*Habeas* counsel are not required to submit the information for a classification review, but unless and until a review is completed, counsel must continue to treat the information as classified.

  3. within twenty days when the PRT has reason to believe that code was used.

*See id.*, § VII.C. "As soon as possible after conducting the classification review, the [PRT] shall advise counsel of the classification levels of the information contained in the materials submitted for review." *Id.* Once the classification review is completed, *habeas* counsel may publicly disclose any "unclassified contents of the detainee's communications for purposes reasonably related to their representation of that detainee." *Id.*, § IX.A.

  The Protective Order governs the handling of attorney-client communications and other information reasonably related to counsel's representation of their detainee clients. Detainees are also permitted to send and receive correspondence to persons other than their counsel, such as letters to family or friends. However, these types of communications are "reviewed by military personnel at Guantanamo under standard operating procedures for detainee non-legal mail[,]" not by the PRT. *Id.* § IV.B.4. If a detainee gives his counsel any correspondence unrelated to his case or messages intended for persons other than his counsel, the Protective Order instructs *habeas* counsel to return such communications to the military personnel at Guantanamo for processing under standard operating procedures for non-legal mail. *Id.*, §§ IV.5 & VI.C.

  The PRT argues that it has the authority to decline to conduct a classification review of materials it believes are either not related to counsel's representation of their detainee clients or are more properly viewed as communications to individuals other than *habeas* counsel. (*See* PRT Resp. at 9-12.) Petitioners contend that by refusing to conduct a classification review of any documents it believes were not submitted through the proper channels, the PRT has stepped outside the role assigned to it by the Court and improperly appropriated to itself the power to police the Protective Order. (*See* Mot. at 10-14.)

The Court agrees with Petitioners that the PRT may not simply refuse to conduct a classification review of documents submitted to it by *habeas* counsel as a self-help mechanism when it believes that *habeas* counsel may have violated the terms of the Protective Order. The Protective Order clearly places the responsibility on *habeas* counsel to determine in the first instance whether communications from a detainee should be submitted to the PRT or whether the communications are messages to a family member or friend, or are otherwise not related to counsel's representation of their client and must therefore be returned to military personnel at Guantanamo. *See* Revised Access Procedures, §§ IV.B.5. & VI.C.; *see also* Tr. of Status Conf., *Al Odah v. United States*, Aug. 16, 2004 (CKK) at 16-17 (explaining that security clearance implies that *habeas* counsel is entrusted with the responsibility of handling classified information and that misuse or disclosure of classified information can result in criminal sanctions), *attached as* Ex. F to Pet'r Mot.; Letter from Chief Judge Thomas F. Hogan to Clive A. Stafford Smith, Aug. 19, 2005 (emphasizing that the Protective Order "places on counsel of record the responsibility for determining that materials being forwards to the attorney's client(s) comply with the Protective Order"), *attached as* Ex. G to Pet'r Mot.

Furthermore, the Protective Order clearly requires the PRT to conduct a classification review of any information submitted to it within very defined time-frames. *See* Revised Access Procedures, § VII.C. Nothing in the Protective Order authorizes the PRT to decline to conduct a classification review under any circumstances. Finally, the remedy for violations of the Protective Order is also clear. "[A]ny violations of the terms of [the] Protective Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of Court and possible referral for criminal prosecution." *See* Amended Protective Order, ¶ 49.

4

Additionally, "[a]ny breach of [the] Protective Order may also result in the termination of access to classified information and protected information." *Id.* Respondents may seek sanctions, or the Court may initiate a contempt action *sua sponte*.

The PRT points out that it frequently has no means of expressing its concerns about possible violations of the Protective Order because it cannot disclose Petitioners' privileged communications to Respondents. Consequently, the PRT believes that its "only recourse is to refer the matter, without a classification review, to the Court Security Officer." (Pet'r Resp. at 9.) The Court appreciates the PRT's perceived quandary. However, it seems that the PRT has too narrow a view of its options for alerting the Court to possible violations of the Protective Order. The Amended Protective Order requires that "any violation of the terms of [the] Protective Order ***shall be*** immediately brought to the attention of the Court." Amended Protective Order, ¶ 49 (emphasis added). The Protective Order does not limit this mandate to Respondents or Petitioners. The PRT may, and indeed, should report any violations of the terms of the Protective Order to the Court without delay.[4] However, the PRT may not engage in self-help in policing what it believes to be the proper interpretation of the Protective Order.

---

[4]The Court recognizes that the PRT's primary responsibility is to review information to determine its classification status. No member of the PRT is a lawyer. It would be an inappropriate use of the PRT's time and resources to require it to make nuanced determinations regarding what types of communications are relevant to *habeas* counsel's representation of their detainee clients. Thus, when the PRT believes that *habeas* counsel has improperly submitted materials for review in the first instance and if the PRT is unable to disclose that fact to Respondents, the PRT may bring the alleged violation to the Court's attention with the assistance of the Special Litigation Team.

II.     *Classification of Certain Information as "Protected"*

The second issue raised by Petitioners is largely moot, and appears to have been the result of a misunderstanding. The PRT concedes that it has no authority under the existing Protective Order to designate information as "protected." (Pet'r Resp. at 3-6.) However, the PRT points out that because it may not disclose any information submitted by *habeas* counsel outside the privilege team, Respondents "are afforded no practical opportunity to request designation of such material as 'protected' under the established procedures." (*Id.* at 4 n.1.) The PRT urges the Court to address this "gap in the Protective Order's coverage [of] . . . sensitive but unclassified detainee communications." (*Id.*)

Therefore, it is this _25th_ day of September, 2006, hereby

ORDERED that Petitioners' Motion is GRANTED in part and DENIED in part as moot, and it is

FURTHER ORDERED that the PRT shall conduct a classification review of materials submitted to it by *habeas* counsel, as provided by the terms of the Protective Order and shall not refuse to conduct such classification review when it believes materials to have been improperly submitted, and it is

FURTHER ORDERED that if the PRT is faced with a circumstance in which it believes there may be a violation of the Protective Order and it is unable to disclose the perceived violation of the Protective Order to Respondents because doing so would require disclosing potentially privileged attorney-client communications, the PRT may, with the assistance of the Special Litigation Team, submit an *in camera* report to the Trial Court of any alleged violation, and it is

FURTHER ORDERED that when the PRT believes certain information warrants the designation of "PROTECTED INFORMATION" as that term is described in Paragraph Eleven (11) of the Amended Protective Order, but the PRT is unable to communicate its concern to Respondents because doing so would require disclosing potentially privileged attorney-client communications, the PRT may, with the assistance of the Special Litigation Team, utilize the existing procedures for seeking to have such information designated as "PROTECTED" as provided in the November 10, 2004 Order Addressing Designation Procedures for "Protected Information" initially entered in *In re Guantanamo Detainee Cases*, No. 02-cv-0299, *et al.*, and it is

FURTHER ORDERED that any filings made by the Special Litigation Team shall be served under seal through the Court Security Officers ("CSOs") assigned to these cases and shall contain a conspicuous notation in substantially the following form, "Filed Under Seal - Contains Privileged Information." The CSOs shall not serve such filings on counsel for respondents, except as authorized by petitioners' counsel or the Court.

SO ORDERED.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE