Filed with the Court Security Officer
Date: 7/2/07
Signature: [signature]

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Khaled A. F. Al Odah, Next Friend of Fawzi Khalid A.F. Al Odah, *et al.*, Petitioners-Appellees, <br><br> v. <br><br> United States of America, et al. Respondents-Appellants. | Case Nos. 05-5064, consolidated with 05-5095, 05-5096, 05-5099, 05-5100, 05-5101, 05-5102, 05-5105, 05-5106, 05-5107, 05-5108, 05-5109, 05-5110, 05-5111, 05-5112, 05-5113, 05-5114, 05-5115, and 05-5116 [1] |
| Saifullah Paracha, *et al.*, Petitioners-Appellants, <br><br> v. <br><br> George W. Bush, *et al.*, Respondents-Appellees. | Case Nos. 05-5194 and 05-5333 |

## MOTION TO RECALL MANDATES

Petitioners respectfully request that the Court recall the mandates in these cases pending the Supreme Court's review of this Court's decision in these cases, *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007). The mandates issued on June 27, 2007, seven days after this Court denied petitioners' motions to stay the mandate on June 20, 2007.

---

[1] In light of certain developments in their cases, petitioners in *Rasul v. Gyurisko*, Nos. 05-5097 & 05-5098, and in *Khadr v. Bush*, Nos. 05-5103 & 05-5104, do not join this motion.

When this Court denied petitioners' stay motions, the Supreme Court had denied certiorari in these cases. But on June 29, 2007 – two days after the mandate issued – the Supreme Court reversed itself and granted certiorari. Because the Supreme Court may reverse this Court's decision, it would be premature – and threaten petitioners with irreparable injury – for the District Court to dismiss these cases.

In addition to requiring petitioners to begin anew in the District Court if the Supreme Court holds that they may pursue habeas relief, dismissal of these cases would jeopardize the protective order that governs the cases, the District Court's orders requiring respondents to give petitioners' counsel advance notice of any intended transfers from Guantanamo, and document preservation orders entered by the District Court.

The protective order affords petitioners minimally adequate access to their counsel and protects the attorney-client relationship. The notice orders afford petitioners' counsel an opportunity to object to the transfer of petitioner to places where they might face torture or other abuse. The preservation orders protect evidence vital to petitioners' habeas actions while the Supreme Court reviews *Boumediene*. Dismissal of these cases could therefore

threaten petitioners with irreparable injury.[2]

Recalling the mandates would not prejudice respondents. Respondents argued that the Court should not stay the mandate because petitioners might attempt to litigate their habeas cases in the District Court while pursuing their remedies in this Court under the Detainee Treatment Act of 2005. That suggestion is groundless because the District Court will lack jurisdiction over the substance of petitioners' habeas cases until the mandates issue.

The Court therefore should recall the mandates and preserve its jurisdiction over these cases. *See generally N. Cal. Power Agency v. NRC*, 393 F.3d 223, 224-25 (D.C. Cir. 2004); *Dilley v. Alexander*, 627 F.2d 407, 410-11 (D.C. Cir. 1980); *Jones v. Johnston*, 534 F.2d 353, 373 n.48 (D.C. Cir.), *judgment vacated*, 429 U.S. 995 (1976). No countervailing interest in repose is implicated where, as here, the court of appeals' judgment may be reversed. *Cf. Calderon v. Thompson*, 523 U.S. 538, 549-50, 551 (1998).

---

[2]  Petitioners in *Al Odah v. United States*, No. 05-5064, did not seek a 30-day notice order, and such an order was not entered in their case.

Respectfully submitted,

*David H. Remes* /JMK

David H. Remes
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-6000

Marc D. Falkoff
NORTHERN ILLINOIS UNIVERSITY
COLLEGE OF LAW
DeKalb, IL 60614
(347) 564-5043

Counsel for *Abdah* Appellees in Nos. 05-5115 and 05-5116, on behalf of all Appellees in the consolidated cases.

Counsel for *Paracha* Appellants

July 2, 2007
Washington, D.C.

4

## CERTIFICATE OF SERVICE

I hereby certify that today, July 2, 2007, I served the foregoing **Motion to Recall Mandates** on the following by filing an original and six copies with the Court Security Officer:

Peter D. Keisler
Jonathan F. Cohn
Douglas N. Letter
Robert M. Loeb
Catherine Y. Hancock
Civil Division, Room 7268
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

Jason M. Knott
Attorney