# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **HASSAN BIN ATTASH,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 05-CV-01592 (RCL) |
| ) | |
| **GEORGE W. BUSH, et al.**, ) | |
| ) | |
| Respondents. ) | |
| ) | |

## MOTION FOR TEMPORARY RESTRAINING ORDER
## BARRING REVIEW OF PAPERS SEIZED FROM PETITIONER

1.   Petitioner respectfully requests that the Court issue a temporary restraining order in this matter. The relief sought would bar respondents from reviewing papers seized from petitioner in connection with a Naval Criminal Investigative Service (NCIS) investigation of detainee deaths at Guantánamo last summer, without first affording petitioner's counsel (1) an opportunity to review the papers and, if counsel deems appropriate, to claim lawyer-client privilege, and (2) an opportunity to obtain a judicial determination of counsel's privilege claim before respondents may review the papers. Counsel also respectfully requests that the Court grant similar relief, as applicable, to other detainees represented by counsel.[1]

Nearly a year ago, this Court permitted respondents to bypass such counsel pre-screening because the Court perceived the need for NCIS review of the seized papers to be urgent. *Hicks v. Bush*, 452 F. Supp. 2d 88, 103 (D.D.C. 2006). Respondents' conduct, however, shows that such

---

[1]   *Abdah, et al. v. Bush*, Civ. No. 04-01254 (HHK); *Paracha v. Bush*, Civ. No. 04-02022 (PLF); *Al Hela v. Bush*, Civ. No. 05-01048 (RMU); *Belbacha v. Bush*, Civ. No. 05-02349 (RMC); *Hatim v. Bush*, No. 05-01429 (RMU).

review was not urgent. Only now – more than a year after they seized the detainees' papers – do respondents "intend to proceed with review of the impounded detainee materials."[2] And the reason respondents cite for moving forward now, and not five years from now, is simply "the need to conclude the investigation."[3]

Having delayed their review of petitioner's papers for more than a year, and having allowed their motion for approval of their proposed review procedures to languish for nearly a year, respondents cannot be heard to claim that they would suffer prejudice awaiting this Court's determination of petitioner's request for preliminary relief. On the other hand, petitioner would suffer irreparable injury if respondents, including the NCIS, review privileged lawyer-client communications.

    2.    This Court is well-aware of the standards for granting a temporary restraining order. As Judge Kessler has stated the law of the Circuit:

> To obtain a temporary restraining order, a plaintiff bears the burden of demonstrating: "(1) a substantial likelihood of success on the merits, (2) that [plaintiff] would suffer irreparable injury if the injunction is not granted, (3) that any injunction would not substantially injure other interested parties, and (4) that the public interest would be served by the injunction." *Katz v. Georgetown Univ.*, 246 F.3d 685, 687-88 (D.C. Cir. 2001).
>
> Plaintiffs ultimately are not required to prevail on each of these four factors. Rather, the factors "interrelate on a sliding scale and must be balanced against each other." *Serono Labs, Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998). "If the arguments for one factor are particularly strong, a temporary restraining order may issue even if the arguments in other areas are rather weak." *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995). Injunctive relief may be justified "where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." *Id.* Conversely, when the other three factors strongly favor interim relief, a

---

[2]     Notice of Withdrawal of Resp'ts' Mot. for Procedures Related to Review of Certain Detainee Materials and Request For Expedited Briefing, at 2 (filed Aug. 13, 2007) (Doc. 77).

[3]     *Id.* at 1.

>court may grant injunctive relief when the moving party has merely made out a "substantial" case on the merits. [*Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843-45 (D.C. Cir. 1977).] In sum, injunctive relief may be granted "with either a high probability of success and some injury, or vice versa." *Cuomo v. United States Nuclear Regulatory Comm'n,* 772 F.2d 972, 974 (D.C. Cir. 1985).

*Canales v. Paulson*, Civ. No. 06-1330 (GK), 2006 WL 2520611, at *3 (D.D.C. Aug. 30, 2006).

    a.    *Likelihood of success on the merits.* In *Hicks*, the Court recognized that the Filter Team procedure proposed by respondents could be expected to compromise the attorney-client privilege and chill the attorney-client relationship. The Court, however, found the procedure justifiable "given the exigencies of the NCIS investigation," *Hicks*, 452 F. Supp. 2d at 102, namely, the need for speed in detecting and thwarting any suicide "conspiracies" and "plots," *id.*[4] Petitioner is likely to succeed on the merits of his challenge to the Filter Team procedure, including the lack of counsel pre-screening, because, as respondents' own conduct demonstrates, any such exigencies no longer exist.

As the Court explained, the Filter Team would sort the materials seized from the detainees into three categories and dispose of them as follows:

>(1) material found to be irrelevant to the NCIS investigation will be returned to the detainee "if privileged attorney-client communication, or, otherwise, to JTF-Guantanamo for appropriate action;" (2) material *found to be non-privileged* and potentially relevant will be turned over to NCIS investigators; (3) material *found to be at least arguably privileged* and potentially relevant will be presented to the court and to detainee's counsel: such material will not be disclosed to anyone else without consent of counsel or court authorization.

---

[4]    In their motion to approve the Filter team procedure, Respondents emphasized the need for speed. *See* Resp'ts' Mot. for Procedures Related to Review of Certain Detainee Materials and Request for Expedited Briefing, *Hicks v. Bush*, Civ. No. 05-01592 (RCL), at 2 (filed Jul. 7, 2006) (Doc. 35) (requesting expedited briefing because "the ongoing investigation pertains to the safety and security of detainees and personnel at Guantanamo Bay and should be permitted to proceed expeditiously"); *id.* at 23 ("Such expedition is warranted given the subject matter of the investigation, and the need for action on such security-related issues to proceed expeditiously.").

3

*Id.* at 97 (emphasis added).

The Court saw little risk of error in determining that communications from attorneys to detainees were privileged, but the Court stated:

> Harder to identify will be papers that are, or are intended to be, communications from detainees to their attorneys. These are likely to be handwritten in a language other than English. Some of them may bear the names and addresses of counsel, but others may be notes or journals, made for the purpose of communicating information to their attorneys. . . . Such documents would be difficult for anyone but the detainee and his lawyer to identify as a privileged communication, if indeed they are privileged.

*Id.* at 101. Because the Filter Team was not competent to determine whether such material was privileged or even "arguably" privileged, the Court recognized that respondents' procedures "may be expected to result in some inadvertent exposure of privileged material." *Id.* Accordingly, the Court stated:

> Petitioners are undoubtedly correct in arguing that the government's Filter Team will not be able to recognize privileged, possibly privileged, and non-privileged materials with complete accuracy. . . . Consider the (likely abundant) example of notes handwritten in many languages. Even if these notes are all translated into English, it is unlikely to be evident whether they were made in preparation for a meeting with counsel, or actually communicated to counsel, or memorialize a prior conversation with counsel. Even the most cautious of Filter Team attorneys is likely to make mistakes when faced with documents bearing no indicia of privilege.

*Id.* at 102-03 (footnote omitted). The Court also noted the potential chill of the attorney-client relationship:

> Petitioners contend that the proposed Filter Team review will chill attorney-client communications. . . . The challenges facing the development of attorney-client relationships between counsel and Guantanamo detainees are acknowledged. . . . The chilling effect point is duly noted. Some chill seems likely; the depth is debatable. It cannot be allowed, however, to trump the government's investigative requirements in this sensitive situation.

*Id.* at 103. However, "given the exigencies of the NCIS investigation," *id.* at 102, the Court concluded that these procedures, despite their costs, offered the only "practical and effective" means,

4

*id.* at 101, of accomplishing respondents' legitimate penological objectives. As the delay by respondents in reviewing the detainees demonstrates, any "exigencies" that once might have been thought to justify compromise of the lawyer-client privilege and the lawyer-client relationship no longer exist.

   b. The other three elements for issuing a temporary restraining order are also met here. Petitioner "would suffer irreparable injury if the [TRO] is not granted." *Canales*, 2006 WL 2520611, at *3. Once the lawyer-client privilege has been compromised, the bell cannot be unrung. Moreover, a TRO "would not substantially injure other interested parties," *id.*, especially given that respondents have waited over a year to review the detainees' documents and cite as the reason for reviewing the year-old papers now "the need to conclude the investigation of the Naval Criminal Investigative Service." *See supra* note 3. Finally, "the public interest would be served," 2006 WL 2520611, at *3, by protecting the lawyer-client privilege and the lawyer-client relationship, pending consideration of petitioner's preliminary injunction motion.

## CONCLUSION

  For the foregoing reasons, the motion should be granted.

          Respectfully submitted,

          /s/
          _____

          David H. Remes
          COVINGTON & BURLING LLP
          1201 Pennsylvania Ave., N.W.
          Washington, DC 20004-2401
          (202) 662-6000

          Counsel for Petitioner

August 15, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| **HASSAN BIN ATTASH,** )<br>                     )<br>   Petitioner, )<br>                     )<br>   v.              )<br>                     )<br>**GEORGE W. BUSH, et al.**, )<br>                     )<br>   Respondents. )<br>                     ) | **Civ. No. 05-CV-1592 (RCL)**<br><br>**[PROPOSED] ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

This matter came on for hearing on Petitioner's Motion for Temporary Restraining Order Barring Review of Papers Seized from Petitioner in connection with the Naval Criminal Investigative Service (NCIS) investigation of detainee deaths at Guantánamo last summer. Having reviewed the pleadings and other pertinent materials and information, and having heard argument, it is hereby:

ORDERED, that, pending further order of the Court, respondents (including NCIS and any Filter Team) shall not review any papers of petitioner seized in connection with the NCIS investigation or, to the extent applicable, any papers seized in connection with that investigation from petitioners in *Abdah, et al. v. Bush*, Civ. No. 04-01254 (HHK); *Al Hela v. Bush*, Civ. No. 05-01048 (RMU); *Hatim v. Bush*, No. 05-1429 (RMU); *Paracha v. Bush*, Civ. No. 04-02022 (PLF); *Belbacha v. Bush*, Civ. No. 05-02349 (RMC).

Dated this __ day of August, 2007.

_____
United States District Judge

## CERTIFICATE OF SERVICE

       I hereby certify that on August 15, 2007, I served the foregoing on the counsel listed below by emailing a pdf thereof to Andrew I. Warden and Judry L. Subar:

Peter D. Keisler
Douglas N. Letter
Joseph H. Hunt
Vincent M. Garvey
Judry L. Subar
Terry M. Henry
James J. Schwartz
Jean Lin
Robert J. Katerberg
Andrew I. Warden
Nicholas A. Oldham
James C. Luh
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470

*Attorneys for Respondents*