## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **HASSAN BIN ATTASH,** | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 05-CV-01592 (RCL) |
| | ) |
| **GEORGE W. BUSH, et al.**, | ) |
| | ) |
| Respondents. | ) |

## REPLY TO RESPONDENTS' OPPOSITION TO
## MOTION FOR TEMPORARY RESTRAINING ORDER

1.  Petitioner's counsel seeks a TRO at this time because he learned through the notice filed by respondent in petitioner's case on August 13, 2007 (TRO Mot. 1-2 & nn.1-3) that respondents had not yet reviewed petitioner's papers. Counsel seeks a TRO because the need for speed, on which this Court relied in *Hicks* in approving the Filter Team proposal last September, no longer exists. Respondents acknowledge that they seek to review petitioner's papers now simply because they "need to complete [the NCIS] investigation." (Opp. 9) That need does not outweigh the compromise of the attorney-client privilege and the attorney-client relationship that troubled this Court in *Hicks*. (Mot. 4-5.)

2.  Respondents cite decisions of other judges of this Court in support of the proposition that the MCA leaves this Court powerless to issue the TRO. (Opp. 3 n.4, 7 n.5.) Those decisions, however, were issued before the Supreme Court granted review in *Boumediene v. Bush*. As far as counsel is aware, no judge of this Court has dismissed a Guantánamo habeas case since then. Moreover, in some cases, judges of this Court have denied respondents' motions to dis-

miss, pending the Supreme Court's decision in *Boumediene*.[1]  The judges in these case implicitly rejected respondents' claim (Opp. 5-6) that the D.C. Circuit's decision in *Boumediene* bound them to dismiss the cases even while Supreme Court review is pending.

Even before the Supreme Court granted review in *Boumediene*, the D.C. Circuit in *Al Ginco v. Bush*, No. 06-5191, declined to order this Court to dismiss habeas actions brought by Guantánamo detainees, instead leaving it to this Court to "consider in the first instance" whether to dismiss *or* stay those actions.  (D.C. Cir. June 7, 2007 attached as Exhibit 1.)  Finally, respondents rely on an order issued by the D.C. Circuit in *Hamlily v. Gates*, No. 07-1127 (D.C. Cir. July 16, 2007).  (Opp. 6 & Ex. 2.)  *Hamlily*, however, is a DTA case, not a habeas case, and the D.C. Circuit in its order ruled that the DTA did not authorize it to grant the requested relief.

## CONCLUSION

For the foregoing reasons, the motion should be granted.

                                  Respectfully submitted,

                                  /s/

                                  David H. Remes
                                  COVINGTON & BURLING LLP
                                  1201 Pennsylvania Ave., N.W.
                                  Washington, DC 20004-2401
                                  (202) 662-6000

                                  Counsel for Petitioner

August 17, 2007

---

[1] *See, e.g.*, *Bartafi v. Bush*, No. 05-409 (EGS) (Aug. 17, 2007) (Doc. 66); *Khalid v. Bush*, No. 04-1142 (RJL) (Aug. 6, 2007) (Doc. 90); *Paracha v. Bush*, No. 04-2022 (PLF) (July 27, 2007) (minute order); *Zadran v. Bush*, No. 05-2367 (RWR) (July 2, 2007) (minute order). Judges Robertson and Collyer dismissed their Guantánamo habeas cases before certiorari was granted in *Boumediene*.

**CERTIFICATE OF SERVICE**

     I hereby certify that on August 17, 2007, I served the foregoing on the counsel listed below by causing an original and four copies to be filed with the Court Security Officer.

Peter D. Keisler
Douglas N. Letter
Joseph H. Hunt
Vincent M. Garvey
Judry L. Subar
Terry M. Henry
James J. Schwartz
Jean Lin
Robert J. Katerberg
Andrew I. Warden
Nicholas A. Oldham
James C. Luh
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470

*Attorneys for Respondents*